# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST RICHARDSON, | § | |
| | § | No. 238, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0909018120 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 16, 2018
Decided: May 31, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the Rule to Show Cause and the appellant's response, it appears to the Court that:

(1)     On May 4, 2018, the Court received Ernest Richardson's notice of appeal from a Superior Court order dated November 4, 2015, dismissing his motion for postconviction relief because Richardson had served his sentence, been discharged from probation, and had his fines and fees deemed uncollectible.

(2)     The Clerk issued a notice directing Richardson to show cause why his appeal should not be dismissed as untimely.[1]   Richardson filed a response to the

---

[1] Del. Supr. Ct. R. 6(a)(ii).

notice to show cause on May 16, 2018. He asserts that his appeal should not be dismissed because the Superior Court appointed conflict counsel to represent him in the 2015 postconviction proceeding and counsel never informed him that he had thirty days to file an appeal.

(3) Although the trial court docket reflects that, in September 2015, the Superior Court referred Richardson's case to the Office of Conflict Counsel to have counsel appointed, it does not appear that counsel ever entered an appearance on Richardson's behalf because his probation was terminated and his case was closed in October 2015, thus negating the need for counsel. We find no merit to Richardson's unsupported contention that his failure to file a notice of appeal for almost two and a half years is attributable to counsel.

(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

(5) Even if defense counsel had entered an appearance on Richardson's behalf in the 2015 postconviction proceeding, defense counsel is not court-related personnel.[6] Consequently, even assuming that defense counsel failed to inform Richardson of the thirty-day appeal period, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[6] *Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).